WYMAN, Respondent, vs. GREAT NORTHERN LIFE INSURANCE COMPANY, Appellant.

*January 8—February 4, 1936.*

For the appellant there was a brief by *Walter P. Melchior* of New London, attorney, and *Helmer, Moulton, Whitman & Holton* of Chicago, Illinois, of counsel, and oral argument by *Mr. Melchior*.

*Giles H. Putnam* of New London, for the respondent.

FOWLER, J.   This is an action brought upon an accident insurance policy sold in connection with a newspaper at the price of two cents per week, payable weekly in advance, in addition to the price of the newspaper, and collected by the agent delivering the newspaper.   The case was submitted to

the jury upon the single question whether the insured at the time of the accident resulting in his death was driving his car while intoxicated. The jury answered the question in the negative, and judgment was entered upon the verdict.

The appellant contends that the finding of the jury as to the deceased's intoxication is not supported by the evidence, and makes several other assignments of error. The only assignment that we need consider is that relating to the coverage of the policy.

The facts bearing upon coverage of the policy are not in dispute. By the policy the insurer promised to pay the beneficiary $1,000 for loss of life resulting from injury effected through purely accidental means, if such injury were sustained, among other ways, "by wrecking of any lawfully registered and licensed automobile of the exclusively private passenger type, in which the insured is riding as driver or passenger, at the time of such wrecking." The insured's death resulted from the wrecking of an automobile of the type above stated, while the insured was driving it, which was *not* a "lawfully registered and licensed automobile . . . at the time of such wrecking." The records of the secretary of state's office show that the last registration of the automobile which the deceased was driving was by a license issued in 1933 to the deceased. By sec. 85.01 (5), Stats., registration of all motor vehicles "shall expire on the thirty-first day of December of the year for which registration is made." The registration therefore expired on December 31, 1933. The accident, resulting in the insured's death occurred on March 8, 1934. Upon these facts the policy did not cover the death of the insured.

It is urged by the respondent that sec. 85.01 (1), Stats., forbids operation of unregistered automobiles, and provides a penalty for operating an unregistered automobile after February first of any year, and that this implies that it is

lawful to operate an automobile licensed for the previous year up to February first. If so, this does not postpone the expiration of the registration. It is also urged that the governor of the state wrote to the secretary of state requesting that the time for expiration of licenses issued during 1933 be extended to March 15, 1934, and that the accident involved occurred before the extended date. The governor had no authority or power to suspend the operation of statutes or to postpone the time at which the statute declares registration shall expire.

The respondent urges also that it is immaterial that the automobile was not registered, as the want of registration did not operate to cause the accident. We are not dealing with causation but coverage. Injuries sustained in the wrecking of an unregistered automobile not being covered by the policy, there can be no recovery.

*By the Court.*—The judgment of the circuit court is reversed. The record is remanded, with instructions to enter judgment dismissing the complaint.